

RECEIVED
APR 1 3 2009
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,           )
                                    )        Criminal No. 3:08-cr-0093
        Plaintiff,                  )
                                    )
        v.                          )
                                    )        PLEA AGREEMENT
CRAIG ARTHUR SCHMACKER,             )
                                    )
        Defendant.                  )

IT IS HEREBY AGREED by and between the plaintiff, the United States of

America, and the defendant, CRAIG ARTHUR SCHMACKER, with his attorney,

James B. Clements, as follows:

## A. CHARGES

1.    *Subject Offenses.* Defendant will plead guilty to Count 2 of the

Indictment which charges a violation of Title 18, United States Code, Section

2252(a)(2) and (b)(1), that is, Unlawful Distribution of Child Pornography.

2.    *Charges Being Dismissed.* Should the defendant abide by all of the

terms and conditions of this plea agreement, the United States Attorney's Office

will move to dismiss the remaining counts of the Indictment at the time of the

sentencing hearing in this case.

3.    *No Further Prosecution.* The United States of America agrees that the

defendant will not be charged in the Southern District of Iowa with any other

federal criminal offense under Title 18 or Title 21, United States Code, arising from

or directly relating to this investigation, except for any crimes of violence. This paragraph and this plea agreement do not apply to any criminal offenses occurring after execution of this plea agreement.

### B. CONSEQUENCES OF PLEA

4. *Maximum Punishment.* Count 2 is punishable by a maximum term of imprisonment of twenty (20) years and a maximum fine of not more than $250,000.00, or both.

5. *Mandatory Minimum.* Count 2 carries a mandatory minimum sentence of five (5) years.

6. *Mandatory Detention.* The defendant agrees that he will remain in the custody of the United States Marshals Service following the completion of the entry of his guilty pleas to await the imposition of sentence.

### C. SENTENCING CONSIDERATIONS

7. *Sentencing Guidelines - Factors.* The sentence imposed will be based upon a consideration of the United States Sentencing Commission Guidelines and the statutes that apply to this offense and federal criminal cases in general. Although the provisions of the Sentencing Guidelines are not mandatory, they are advisory, and the parties understand that the district court will consider them, along with the factors set forth in Title 18, United States Code, Section 3553(a), in determining the final sentence. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which

include, but are not limited to the following:

a.    *the appropriate guideline for a violation of 18 U.S.C. § 2252(a)* (Count 2); the parties agree that the guideline at § 2G2.2 of the Federal Sentencing Guidelines is the appropriate guideline for the underlying offense charged in Count 2; the defendant admits that he distributed images of minors engaged in sexually explicit conduct which establishes a Base Offense Level 22;

b.    *the contraband images included. pre-pubescent minors*; the parties have reached no agreement whether the material involved prepubescent minors and minors who had not attained the age of 12 years, but the defendant understands that if the sentencing judge determines that the material found on the defendant's computer does involve such images, this will result in a 2 offense level increase pursuant to §2G2.2(b)(2);

c.    *distribution to minors*; the parties have reached no agreement concerning whether the defendant distributed sexually explicit images to a minor that was intended to persuade, induce or entice the minor to travel or engage in prohibited sexual conduct pursuant to §2G2.2(b)(3)(D) or (E), but the defendant understands that if the sentencing judge determines that the defendant did engage in such conduct, this will result in a 6 or 7 offense level increase;

d.    *depictions of sadistic and masochistic conduct*; the parties have reached no agreement whether the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence pursuant to §2G2.2(b)(4), but the defendant understands that if the sentencing judge determines that the material found on the defendant's computer does portray such conduct, this will result in a 4 offense level increase;

e.    *use of a computer*; the defendant admits that the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, resulting in an increase by 2 levels pursuant to §2G2.2(b)(6);

f.    *number of images*; the parties have reached no agreement concerning whether the number of images involved is more than 10 images pursuant to §2G2.2(b)(7), but the defendant understands that if the offense involved more than ten but less than 150 images, this will result a 2 offense level increase;

g.    *criminal history* (prior convictions);

h.    *acceptance or lack of acceptance of responsibility.*

8.    *No Promises.* The United States makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion. Although the parties may have discussed the possibilities of various factors having an impact on the sentence, and the parties have set forth above certain agreements concerning those factors, the District Court is not bound by such discussions or agreements and is free to make its own determinations on sentencing issues. The parties also agree that no such discussion or agreement has resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

9.    *No Right to Withdraw Plea.* The defendant understands that he will have no right to withdraw his guilty plea if the sentence imposed, or the application of the United States Sentencing Commission Guidelines, is other than he anticipated. The parties understand the Court may defer its decision to accept the plea until there has been an opportunity to review a presentence investigation report.

10.    *Evidence at Sentencing.* The defendant, the defendant's attorney, and

the plaintiff's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are free to provide all relevant information to the U. S. Probation Office for use in preparing a presentence report.

11. *Fines/Costs.* Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

12. *Special Assessment.* The defendant agrees to pay to the United States, through the district court clerk's office, a special assessment of $100.00 per count of conviction, as required by Title 18, United States Code, § 3013. The defendant agrees to make such payment by the time of the sentencing hearing.

## D. WAIVER OF APPEAL AND § 2255 RIGHTS

13. *Waiver of Right to Appeal.* The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this agreement

- 5 -

and conviction and to the sentence, including any fine or restitution, within the maximum penalties provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this Agreement.

14. *Waiver of Right to Collateral Attack.* The defendant also understands that he has a right to attack his conviction, and/or the sentence imposed, collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the defendant received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands applicable rights under the statute. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to collaterally attack his conviction and/or sentence. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of his counsel was made by him

alone notwithstanding any advice he may or may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this Agreement, the defendant hereby knowingly and voluntarily waives the right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the right to challenge the amount of any fine or restitution in any collateral attack including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

15. *Effect of Filing an Appeal.* It is a material breach of this Agreement for the defendant to file a petition for post-conviction review of the defendant's conviction or sentence, or to file any notice of appeal or other collateral attack to contest the conviction or sentence in this case for any reason.

16. *Waiver of Rule 410 rights.* The defendant waives his rights under Rule 410 of the Federal Rules of Evidence. Upon execution of this agreement and the stipulation of facts, he understands that his admissions to the court at the time of his plea, and his statements made in the stipulation of facts are admissible against him. Should the defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside his conviction, then his admissions may be used against him in the Government's case-in-chief and otherwise, including during the prosecution of this case.

### E. GENERAL MATTERS

17. *Voluntariness of Plea.* The defendant acknowledges voluntarily entering into this plea agreement, and the defendant is pleading guilty because he is guilty. The defendant further acknowledges entering into this agreement without reliance upon any discussions between the United States and himself (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges understanding the nature of the offenses to which he is pleading guilty, including the penalties provided by law.

18. *Waiver of Trial Rights.* In connection with the defendant's plea of guilty pursuant to this agreement, the defendant acknowledges that he has been informed of, and understands, the following:

   a.   the right of the United States, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

   b.   the right to plead not guilty, and to persist in that plea;

   c.   the right to a jury trial;

   d.   the right to be represented by counsel – and if necessary to have the court appoint counsel – at trial and at every other stage of the proceeding;

   e.   the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f.  the defendant will have waived these trial rights upon the District Court's acceptance of the defendant's plea of guilty.

 19. *Limited Scope of Agreement.* This agreement does not limit, in any way, the right or ability of the government to investigate or prosecute the defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

 20. *Entire Agreement.* This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents. Any changes to the plea agreement must be in writing and signed by the parties.

 21. *Factual Stipulations.* Attached hereto as Attachment "A," and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to each subject offense.

 22. *Venue.* Defendant agrees that the offense conduct relating to the subject offenses was committed, in whole or in part, in the Southern District of Iowa, and that the U. S. District Court, Southern District of Iowa, has proper venue of this agreement.

 23. *Public Interest.* The Plaintiff and Defendant state this plea agreement is

in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

24. *Execution/Effective Date.* This agreement does not become valid and binding until the Plea Agreement, the Attachment A (Stipulation of Facts), and a Statement by Defendant in Advance of Plea of Guilty are executed by each of the parties and their counsel shown below, and the original documents or copies are received at the United States Attorney's Office, United States Courthouse, Suite 310, 131 East Fourth Street, Davenport, Iowa 5280, (563) 449-5433 (fax). The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its acceptance and execution and receipt of the documents at the United States Attorney's Office.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

11-10-09
Date

Craig Arthur Schmacker
Defendant

4/10/09
Date

James B. Clements
Attorney for Defendant
1503 Brady Street
Davenport, IA 52803-4655
Tel: (563) 323-9715
Fax: (563) 323-7452
Email: jbclements@iabar.org

- 10 -

United States of America

Matthew G. Whitaker
United States Attorney

april 13, 2009
Date

By: Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
email: cliff.cronk@usdoj.gov

-11-

The undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above-captioned matter, Defendant Craig Arthur Schmacker and Defendant's attorney, James B. Clements, hereby stipulate and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by defendant pursuant to the plea agreement, and for purposes of sentencing:

1. On July 21, 2007, Detective James McLaughlin of the Keene, New Hampshire Police Department, posing as a 14-year-old boy, met Defendant Craig Schmacker, who is 61 years-old, over the Internet. Schmacker is from Wellman, Iowa and uses the on-line moniker "adamauto." Detective McLaughlin used the screen name "colin14nh" (Colin). Thinking that McLaughlin was 14 years-old, Schmacker announced that he was gay and from eastern Iowa. He asked Colin: "are you gay or not sure yet" and Colin responded "I think so, but I guess cant be sure until I get to do something." Schmacker said that he had his first gay encounter when he was 18 and typed: "yes I have had sex with younger guys." Schmacker related that he had been in a sexual relationship with another 14 year-old that he met on Yahoo! Colin offered to send pictures and Schmacker agreed. Pictures of a 13 to 14 year-old boy were sent - one of the pictures showed the boy wearing a scout uniform, another wearing a loin cloth for boy scouts. Schmacker told Colin that he (Schmacker) is an eagle scout, order of the arrow and God & Country (these are prestigious boy scout awards). Schmacker sent two full-frontal nude pictures of himself to Colin during this first chat. Colin asked Schmacker what it was like the first time he had sex with a male and Schmacker said it "was fun but getting fucked the 1st time without lube hurts a lot . . . just make sure you have lude (sp) and he will take it easy and show." (sp)

2. Schmacker offered to be Colin's advisor claiming: "I have been a gay dad to lots at your age." The two discussed that maybe someday they could meet. Schmacker sent another picture in which he has an erection and is wearing a cockring. Schmacker described the purpose of a cockring as "can keep it harder longer."

3. The next day, July 22, 2007, "adamauto" was back in the chatroom. In another chat, Schmacker asked if Colin is wearing anything under the loin cloth in the picture that he sent. He mentioned going to gay bars in Iowa City. Later that evening, in another chat, Schmacker brought up young gay actors and gay car shows. He told Colin that he would be welcome in Iowa. Schmacker said that if Colin came to Iowa he "might get a blow job." During this chat, Schmacker sent two images of boys engaged in sexually explicit conduct to Colin. The first one is

-12-

named "bros_fuck2_A.jpg" and the second "deep.jpg" - both show two boys engaged in actual or simulated anal intercourse.

4. Detective Keene sent this information to the Washington County Sheriff's Office and contacted Sgt. Mike Clark. Sgt. Clark and Investigator Eric Holsapple obtained a search warrant and went to Schmacker's residence to search. During the search of Schmacker's residence the police found 7 computers (5 desktops and 2 laptops)and 12 hard drives. These were seized and submitted to Sgt. Tim Smit, a forensic computer examiner.

5. Sgt. Smit was able to find the same images that were sent to McLaughlin on one of the computer hard drives that the police seized from Schmacker's residence. He also found numerous images of child pornography - all males, in one of Schmacker's computers. Most of the child pornography was found on a "Red Ribbon" Desktop (Schmacker's) and some on a PC Tailor computer.

6. Investigator Holsapple interviewed Schmacker after the search was completed. The interview took place at the police station. Schmacker was not in custody. Schmacker was read his *Miranda* rights, waived his rights and agreed to answer questions. Schmacker identified the Red Ribbon computer as the one he used. He admitted chatting with a 14 year-old boy scout. At first he stated that he did not send this boy any pictures. He admitted that he had "gobs and gobs" of pictures on his computer. He then admitted that he did send a couple of pictures to the boy scout to get him excited but he claimed it was just talk.

7. Defendant hereby certifies that the facts set forth above are true and accurate to the best of his knowledge.

11-10-04
Date

Craig Arthur Schmacker
Defendant

4/10/09
Date

James B. Clements
Attorney for Defendant

4/13/2009
Date

Clifford R. Cronk III
Assistant U.S. Attorney

-13-